SARAH O'KEEFE, Respondent, v. ST. LOUIS AND SUBURBAN RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, October 31, 1899.

**Negligence:** CONTRIBUTORY NEGLIGENCE. The failure of a motorman on an electric railway, to adopt reasonable precautions to prevent a collision with a pedestrian crossing the tracks of the railway company, is culpable negligence, even though under the circumstances the pedestrian was guilty of a negligent act in attempting to cross the railway tracks of the company.

Appeal from the St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

AFFIRMED.

Appellant's brief.

(1)  The plaintiff's own evidence clearly shows that she was guilty of negligence contributing to the accident, and that she ought not to recover; and she must be held conclusively bound by her own evidence, and can not be allowed for any purpose to contradict or vary the same by the testimony of other witnesses.   State v. Brooks, 99 Mo. 137; Payne v. R. R. Co., 136 Mo. 562.   (2)  Although the plaintiff testified that before going upon the west track, as well as before going on the east track, she stopped and looked, or at least looked, north to see whether a car was coming, yet the physical facts are such as to demonstrate beyond all question that she did not look up, and that she must necessarily have stepped upon the west track immediately in front of defendant's car, and too close for the motorman to stop it before striking the plaintiff.   Under the circumstances, the testimony of the plaintiff that she did, as a matter of fact, look up to see such car and did not see any, must be disregarded; and, therefore, the court should have given the instruction asked for by defendant, both at the close of plaintiff's case and at the close of defendant's case, that the plaintiff could not recover.   Payne v. R. R., 136 Mo. 562; Meiers v. Railway, 24 Atl. Rep. 747; Watson v. Mound City Street R'y Co., 133 Mo. 246; Beach, Cont. Neg., sec. 56; Butts v. Railroad, 98 Mo. 272; Easley v. Railroad, 113 Mo. 236; Payne v. Railroad, 136 Mo. 562.

*O'Neil Ryan* for respondent.

It was the motorman's duty to exercise care to observe persons on or approaching the tracks, and if he saw the plaintiff in danger, he was bound to exercise reasonable care to avoid striking her, and his failure to do so makes the defend-

ant liable irrespective of any negligence on her part. Bunyan v. Citizens R'y Co., 127 Mo. 12-18, *et seq.*; Hickman v. U. D. R'y Co., 47 Mo. App. 35-73; B. & O. R. R. v. Anderson, 85 Fed. Rep. 413-416.

BOND, J.—The defendant operates electric street cars over a double track in the City of St. Louis, terminating northwardly at Wells Station. On the night of November 6, 1894, the plaintiff was struck by a south bound train at the intersection of Plymouth avenue with defendant's tracks. According to her own testimony she and her husband were returning home about 7 o'clock in the evening, and when they reached the south side of Plymouth avenue on the east side of defendants right of way, they started across the same in an oblique direction, intending to complete the crossing at the northwest corner of the intersection of Plymouth avenue and the roadway of defendant. Plaintiff testifies that at the time and place in question she was a few feet behind her husband and she looked north, in which direction the tracks of defendant ran straight for about 400 yards, and neither saw nor heard anything indicating the approach of the car, and again when she had reached the space between the two tracks she looked north before beginning to cross the west track, and neither observed nor heard any signs of the approaching car, and therefore began to cross the west track, and when she had proceeded far enough in this attempt to get her right foot over the west rail her husband, who was then entirely across, called her attention to a car approaching from the north; that she looked up, saw its light, and was immediately struck before she could complete the crossing, suffering the injuries sued for. Plaintiff also introduced as a witness on her behalf Theodore Dreuttel, the motorman of the car at the time of the collision, who testified that he shut off the power from the car at Wagoner avenue, a distance of about 400 feet north of Plymouth avenue, because there was a down grade between

those two points. His testimony as to the accident and of its attendant circumstances is as follows:

"Directly after I left Wagner avenue I seen a gentleman and lady coming up to the tracks from the east side and they kept on walking, and I rang my gong until we got half way down the block, and that gentleman—at that time I didn't know him, of course—he was about six feet, I should judge, in front of the lady; the lady kept on walking behind the man; I didn't have any reason to believe they did not hear my gong and I kept on coming down until I got about six feet from the lady, and at that time, to my belief, she was at the outside of the ties and turned directly north towards my car; and I say, as I said before, she seemed to be surprised or dazed, and the only thing I could do, I put on the brake as hard as I could; I knew I could not stop the car in that distance, and even in that time I thought possibly the lady might be clear until I felt the shock of the car, and I stopped the car and I went back and told the conductor I thought I struck a lady, and he went on back.

Q. When you saw Mrs. O'Keefe, they were going towards the west crossing of Plymouth avenue? A. Yes, sir.

Q. When you first saw them they were on the east track? A. Yes, sir.

Q. And they kept on going directly west across the tracks? A. Yes, sir.

Q. They were two or three hundred feet distant when you saw them first? A. Half a block. * * *

Q. About where was your car when she started to cross the west track? A. About three car lengths.

Q. That would be about ninety feet? A. Something like that. * * *

Q. You didn't know what caused her to look around? A. No, sir.

Q. But you had the headlight on all the time, did you? A. Yes, sir.

Q. Where was the headlight situated? A. Right in front of the car; right at the center of the platform.

Q. You say when you saw her she was at the end of these rails? A. Yes, sir.

Q. At the end of these ties? A. Yes, sir.

Q. Where would another step have carried her? A. I think it would have cleared the lady."

Upon a trial in the circuit court plaintiff had judgment for $750. Defendant appealed.

The first error assigned is the refusal of the court to direct a finding for defendant on the theory that plaintiff's negligence directly contributed to the injuries sustained by her. If the case had only presented testimony of plaintiff on her own behalf the judgment would have to be reversed. The substance of her testimony is, that she went upon the track, upon which there was an approaching car, at a time when it was so near that she could not have avoided seeing and hearing its approach if she had either looked or listened. Her statement that she did look and listen before attempting to cross the track and neither saw nor heard anything of the train, is inconsistent with the event of its collision with her person before she could cross between the rails—a distance of four feet and ten inches—traveling at the ordinary gait of a lady when walking, especially when it is remembered that the proof shows the train was furnished with a headlight and had been moving over a track on a straight line for about 400 yards, over which track there were no obstructions to the view of anyone looking in the direction of its approach. We are compelled therefore to dismiss from consideration so much of her testimony as goes to show that she exercised either her organs of sight or hearing before attempting to cross the west track of defendant's railway, and to conclude from the physical facts and undisputed proof that she neither looked nor listened for the approaching train, until it was within six feet of her person. As plaintiff's testimony is only susceptible of

an inference of negligence on her part in crossing the west track of defendant's street car line, the recovery in her favor can only be supported upon evidence tending to show that after becoming aware of the peril to which she was thus exposed, the motorman in charge of defendant's car did not exercise ordinary care to avert it. The testimony of the motorman is, that he saw the plaintiff on the right of way approaching the track over which his train was passing when he was distant 200 feet; that although he sounded his gong thenceforward she paid no attention to these signals, nor to the noise of the car, nor the flash of its headlight, but that when he had gotten within ninety feet she stepped on the track whereon his car was passing, apparently unconscious of its approach. He testifies that he still refrained from slacking its speed or making any effort to control its progress, until he had reached a point within six feet of the plaintiff, who had then gotten to a stage where she lacked only a step of making a safe crossing; that the subsequent collision was unavoidable despite his utmost efforts to control the car by the application of the brakes. Under the testimony thus furnished by the motorman it was clearly his duty to have checked the speed of his train when he saw the plaintiff in the position of peril which she had assumed by heedlessly attempting to cross the track of his car when it was only ninety feet from her and was traveling under full speed, and when it must have been plain to him from her disregard to the sound of the gong, the noise of the train, and the flare of the headlight, that she was unaware of the approach of the car. With this knowledge of the circumstances of her apparent danger and indifference thereto, it became his duty—while he had ample time so to do—to diminish the speed of his car so that she might cross its track with safety. Fiedler v. Railway, 107 Mo. loc. cit. 652; 1 Vol. Shearm. & Redf. on Neg., sec. 99. His failure to adopt reasonable precautions to that end was culpable negligence, for conceding that her attempt to cross the track under the circumstances

shown in the record was a negligent act, it was none the less the duty of the motorman after discovering that fact, to exercise ordinary care to avoid the impending collision, and his failure so to do furnishes a sufficient basis for the recovery had in this action.

A careful examination of the instructions given and refused in this case indicates that the learned trial judge took this view of the legal effect of the evidence. He did not therefore err in submitting to the jury the issue as to the supervening negligence of defendant in causing the injuries complained of.

It is next insisted by appellant that the trial court erred in refusing an instruction (No. 18), offered by it which purported to divide the negligence of plaintiff, and told the jury in effect that if plaintiff was negligent in going on the track and also negligent in being on the track contemporaneously with the collision, no liability for the injury thus occasioned could attach to defendant. There was no error in the refusal of this instruction. First, because it ignores the proof tending to show that despite the negligences assumed therein, defendant's motorman, after a knowledge of the perilous position of the plaintiff created by her entry upon the track of his car, might have avoided the collision which such negligence on her part threatened. The legal and moral duty of the mortorman to avoid the injury was not absolved by the carelessness of plaintiff, and if the injury to her was occasioned by his failure to exercise ordinary care in the discharge of such duties, his principal (defendant) must respond. This doctrine has been uniformly adhered to in this state, and is not overturned by the individual views of Judge Valliant, (Smith v. St. Louis, 50 S. W. Rep. 925. par. 3) cited by appellants, it being expressly said in reference to those views in the case cited, that they were not to be taken as the "opinion of the court;" nor does Watson v. Mound City Railway Company, 133 Mo. 246, sustain the contention of defendant.

That case expressly re-affirms the well-settled rule that, "though one has negligently placed himself upon a railroad track in front of a moving train, those operating it owe him the duty of care to avoid injuring him, and his previous negligence will not bar a recovery if injury results to him from neglect of such duty," and distinguishes the application of the rule quoted from the facts then in judgment, which facts showed a negligent attempt to cross the track of a moving train under the circumstances rendering it impossible for those operating the train to avoid the results of the attempt to cross.

Our conclusion is, the judgment must be affirmed.    All concur.