WATSON, *Appellant*, v. MOUND CITY STREET RAILWAY
COMPANY.

Division One, March 10, 1896.

**Negligence**: STREET RAILWAY: CROSSING TRACK.  One who knowingly
crosses an electric street railroad track in such close proximity to a
moving car as to be struck before he can cross can not, because of
his contributory negligence, recover for the injuries so received.

*Appeal from St. Louis County Circuit Court.*—HON.
RUDOLPH HIRZEL, Judge.

AFFIRMED.

*J. R. Myers* and *A. R. Taylor* for appellant.

(1) The court erred in sustaining the demurrer to
plaintiff's evidence.   (2) Even though deceased negli-
gently walked on defendant's railroad in the middle of
a block in front of a moving car, if the motorman saw
him, or by the exercise of ordinary care might have
seen him in time to have stopped his train before
reaching him, and failed to do so, defendant is liable.
*Moore v. Railroad*, 126 Mo. 277; *Hicks v. Railroad*, 124
Mo. 122; *Sullivan v. Railroad*, 117 Mo. 221; *Eichhorn
v. Railroad*, 32 S. W. Rep. 993; *O'Mellia v. Railroad*,
115 Mo. 205.

*Edward S. Robert* for respondent.

(1) Plaintiff is limited to the negligence pleaded.
*Gurley v. Railroad*, 93 Mo. 445; *Ely v. Railroad*, 77
Mo. 34; *Price v. Railroad*, 72 Mo. 414; *Waldhire v.
Railroad*, 71 Mo. 514; *Buffington v. Railroad*, 64 Mo.

246.   (2) It was the duty of the deceased to look and listen before stepping in front of the approaching train of street cars.   *Smith v. Railroad*, 52 Mo. App. 36; *Hickman v. Railroad*, 47 Mo. App. 65; Booth on Street Railways, p. 426, sec. 312.   (3) *First*. The motorman had the right to assume that the deceased would not expose himself to danger.   *Yancey v. Railroad*, 93 Mo. 433; *Baker v. Railroad*, 122 Mo. 595; *Boyd v. Railroad*, 105 Mo. 371; *Smith v. Railroad*, 52 Mo. App. 36.   *Second*. And that his sight and hearing were good.   *Condee v. Railroad*, 31 S. W. Rep. (Mo.) 1029.   *Third*. Deceased was not in danger until he stepped on the track. *Boyd v. Railroad*, 105 Mo. 371; *Zurfleet v. Railroad*, 46 Mo. App. 636.   (4) If deceased took his chances on "hurrying around the car," and made a miscalculation, his widow can not recover.   *Weaver v. Railroad*, 60 Mo. App. 207; Booth on Street Railways, p. 425, sec. 311.   (5) The rule that plaintiff may recover notwithstanding his negligence, if the defendant, by the exercise of ordinary care, could have prevented the injury after he exposed himself to danger, has no application where a person goes in front of a moving train too near for it to be stopped in time to avert the collision, whether he was seen or not.   *Prewitt v. Eddy*, 115 Mo. 283; *Boyd v. Railroad*, 105 Mo. 371.   (6) Between crossings the street cars have the right of way.   *Moore v. Railroad*, 126 Mo. 265, and cases at page 275.   (7) *First*. Plaintiff should be nonsuited where contributory negligence appears from either the direct or cross-examination of his own witnesses.   *Church v. Railroad*, 119 Mo. 203; *Stone v. Hunt*, 94 Mo. 475; *Warren v. St. Louis Mer. Ex.*, 52 Mo. App. 157.   *Second*. If there is no substantial evidence of negligence, plaintiff should be nonsuited.   *Hyde v. Railroad*, 110 Mo. 272; *Kennedy v. Railroad*, 43 Mo. App. 1.   (8) *First*. Testimony has no probative force where it conflicts with

well known physical facts. *Baker v. Railroad*, 122 Mo. 533; *Hickman v. Railroad*, 47 Mo. App. 65; *Smith v. Railroad*, 52 Mo. App. 36; *Weaver v. Railroad*, 60 Mo. App. 207. *Second.* This is true even in criminal cases. *State v. Anderson*, 89 Mo. 332; *State v. Bryan*, 102 Mo. 24; *State v. Turlington*, 102 Mo. 646; *State v. Nelson*, 118 Mo. 124; *State v. Brown*, 119 Mo. 527.

MACFARLANE, J.—Defendant operates a line of street railroad in the city of St. Louis, and runs cars thereon by electric power. A part of its line is on Ninth street, which runs north and south. On the evening of November 17, 1892, about half past 5 o'clock, a train consisting of two cars operated by defendant, while running north on Ninth street between Morgan street and Franklin avenue struck and killed John L. Watson. This suit is prosecuted by plaintiff, as the widow of said Watson, to recover the statutory damages for the death of her husband, caused, as alleged, by the negligent management of the cars.

The petition charges that at the time said Watson was struck and killed he was crossing Ninth street over the car tracks "a sufficient distance ahead of said car or train of cars to be seen, and was seen, by the agent, officer, or employee in charge of said car or train of cars, or by the exercise of reasonable care could have seen him and the danger to which he was exposed in time to have stopped said car or train of cars, and not have injured him." This allegation follows the general charge of negligently running one of its cars or trains of cars against deceased, thereby killing him, and must be taken as the specific negligence charged.

The answer is a general denial and a special plea that the said deceased "directly contributed to the accident which caused his death by his own negligence

and carelessness in running in front of, or against the side of, a moving electric railway train, after dark, while crossing a street near the middle of the block.'' The reply was a general denial.

At the close of plaintiff's evidence the court gave an instruction in the nature of a demurrer to the evidence and plaintiff took a nonsuit with leave. A motion to set aside the nonsuit being overruled, plaintiff appealed.

Only three witnesses were examined by plaintiff, all of whom professed to have been eyewitnesses to the accident. Their evidence on the vital issue, that is, whether the train could have been stopped after deceased put himself in a dangerous position on the track, in time to have avoided striking him, was contradictory and almost unintelligible.

The evidence shows, with reasonable satisfaction, these facts: The train composed of two cars was running north on Ninth street at the usual rate of about seven miles per hour. When about the middle of the block between Morgan street and Franklin avenue deceased undertook to cross from the west to the east side of the street in front of it. He walked in a diagonal direction toward the northeast, and, when about stepping over the east rail, he was struck, and, from injuries received, afterward died.

The first witness, on examination in chief, testified that when deceased stepped on the track the cars were about ten feet from him. On cross-examination he fixed the distance at four or five feet.

The second witness testified in chief that he did not know how far deceased was from the cars when he stepped on the track, but his recollection was the distance was fifteen or twenty feet. On cross-examination he thought the distance was ten or fifteen feet.

He also testified that deceased "hurried to go round the street car."

The third witness testified in chief that the car was distant from deceased eighteen or twenty feet when he went upon the track. On cross-examination he testified: "When he got on the track, I think the car was fifteen, or may be twelve, feet from him and that was when he gave the step on the track." He was asked if he did not testify "four or five" feet when examined before the coroner. He answered, "I say that now." When asked by the court what he now said the distance was, he answered, "I do not know." The witness acknowledged that he did not know "how much a foot was."

These witnesses testified that they had seen cars stopped about the place of the accident. One fixed the distance in which they had been stopped at two feet and another four feet, and the third at five or six feet.

All the witnesses testified that the motorman who was in charge of the cars was looking directly before him. Two of them said deceased was walking at an ordinary gait, another that he hurried to go around the cars. All testified that no signal of any kind was given, and that there was no headlight on the cars. The evidence established, however, that there was sufficient daylight for one to easily see the cars or a man across the street.

In order to avoid the effect of the unquestioned negligence of deceased, plaintiff charges that defendant's employees failed to observe proper care after the peril to which he had exposed himself was known to them, or by reasonable care might have been known. The rule is thus invoked, which is well settled in this state, that, though one has negligently placed himself upon a railroad track in front of a moving train, those

operating it owe him the duty of care to avoid injuring him, and his *previous* negligence will not bar a recovery if injury results to him from neglect of such duty.

But to carry this doctrine to the length of saying that one, who knowingly crosses the track of a railway, in such close proximity to a moving train as to be struck thereby before he could cross, would not be guilty of concurring negligence, would virtually abolish the law of contributory negligence altogether, and render nugatory a long and uniform line of decisions of this court.    *Boyd v. Railroad,* 105 Mo. 371, and cases cited.

The rule first stated presupposes a previous, or, in point of time, a prior, negligence of plaintiff, the effect of which could be avoided by defendant.    It does not exempt plaintiff from the consequences of his own cotemporaneous negligence which is an immediate, direct, and proximate cause of the injury.    "When the negligent acts or omissions of the parties to the action were cotemporaneous—or, what is to say the same thing, when the catastrophe is the result of concurring or mutual acts of negligence, the plaintiff can not recover damages."    Beach, Contrib. Neg., sec. 56.

That deceased saw the moving train before going upon the track is demonstrated, not only by the fact that it was close to him, and he "had eyes to see," but by the positive evidence that "he hurried to go around the cars."    There is no evidence that the motorman in charge of the cars could have known that deceased intended venturing across the track until he got upon it.    Deceased was not, then, in a situation of peril, which called for action by the motorman, until he went upon the track.    When he stepped upon the track he knew, or should have known, that the cars would run upon him unless he was very quick in his movements,

or unless their speed was checked. In the circumstances, no fair and just conclusion can be drawn but that the negligence of deceased was a direct, cotemporaneous, and proximate cause of his own death. In the face of known and imminent' danger he took the risk of crossing the track, and, though, in the moment of danger, the trainmen may also have neglected their duties, he must bear the consequences of his contributory negligence. The doctrine of comparative negligence is not recognized in this state.

There is no occasion to consider or endeavor to reconcile the conflicting and contradictory evidence in this case. Taking that most favorable to plaintiff's theory the indisputable facts remain that deceased knowingly and negligently undertook to cross the track in front of the train and was struck by it in the attempt. These facts preclude a recovery. The judgment of the circuit court is affirmed. All the judges of this division concur.