THOMAS H. RILEY v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

May 3, 1901.

Nos. 12,502—(75).

**Personal Injury—Contributory Negligence.**
    The question of the plaintiff's contributory negligence in this—a personal injury—action was, upon the whole evidence, a question of fact.

Action in the district court for Hennepin county to recover $10,000 for personal injuries. The case was tried before McGee, J., and a jury, which rendered a verdict in favor of plaintiff for $950. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Koon, Whelan & Bennett,* for appellant.
*George S. Grimes,* for respondent.

START, C. J.

This is the second appeal in this action, and for a fuller statement of the case and its facts see 80 Minn. 424, 83 N. W. 376. The gist of the plaintiff's cause of action is that the defendant negli-

1 Reported in 85 N. W. 947.

gently ran its street car over a street crossing in a populous portion of the city of Minneapolis at a dangerous rate of speed without giving any signal of its approach, whereby the plaintiff was struck by the car and injured. At the close of the plaintiff's evidence on the first trial the court directed a verdict for the defendant, and the plaintiff appealed to this court from an order denying his motion for a new trial. On that appeal this court, upon a consideration of the evidence and the rules applicable thereto, held that the question of negligence of the parties, respectively, was one of fact, which should have been submitted to the jury, and the case was remanded for a new trial. On the second trial of the cause the defendant at the close of all of the evidence moved the court for a directed verdict, which was denied. The case was submitted to the jury, and a verdict in favor of the plaintiff for $950 was returned. Thereupon the defendant made a blended motion for judgment or for a new trial, and from the order denying it the defendant appealed to this court.

The sole question on this appeal is whether, upon the evidence, the defendant is, as a matter of law, entitled to judgment in its favor, or at least a new trial. The finding of the jury by their verdict to the effect that the defendant was guilty of negligence is sustained by the evidence. This is not seriously controverted by defendant's counsel, but it is vigorously insisted that the evidence, considered as a whole, conclusively establishes the fact that the plaintiff was guilty of contributory negligence in failing to look and listen for an approaching car before driving upon the defendant's railway track. The law applicable to this case, as stated on the first appeal, is that whether a party is guilty of negligence in attempting to cross a street-railway track without first looking and listening for approaching cars is ordinarily a question of fact.

The look and listen rule applicable to steam-railroad track crossings should be extended to street railways with great caution; otherwise it will lead to a lessening of care on the part of those operating street cars, to the imperiling of the limbs and lives of those who have an equal right with themselves to use the public streets. We have considered the evidence in this case, and

83 M.—7

its analysis by defendant's counsel, and have reached the conclusion that this case is within the general rule we have stated. It will serve no practical purpose to discuss the evidence. We therefore hold that the question of the plaintiff's contributory negligence was one of fact, and that the finding of the jury thereon cannot be disturbed.

Order affirmed.