SESSELMANN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department.   November 15, 1901.)

PERSONAL INJURIES—STREET RAILWAYS—CONTRIBUTORY NEGLIGENCE—INJURY
AT CROSSINGS.

Where plaintiff alighted from a south-bound car at a street intersection, and stood for a moment at the corner, awaiting opportunity to cross, and looked in both directions, having an unobstructed view of from 20 to 50 feet, and saw no car except the one from which he had alighted, which was from 20 to 50 feet away, and then started to cross the tracks, and was struck by a car running at a rapid rate, coming from the south, and which gave no warning of any kind, the questions of negligence and contributory negligence should have been submitted to the jury.

Goodrich, P. J., dissenting.

Appeal from trial term, Queens county.

Action by Karl Sesselmann against the Metropolitan Street Railway Company. From a judgment in defendant's favor, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Charles A. Jackson (John Hetherington, on the brief), for appellant.

Charles F. Brown (Henry A. Robinson, on the brief), for respondent.

WOODWARD, J.   This is an action to recover damages for a personal injury sustained by the plaintiff by being struck by one of the cars of the defendant at the intersection of Second avenue and Seventieth street.   Upon the trial plaintiff's complaint was dismissed, upon the motion of the defendant, on the ground that the plaintiff had failed to show that he was free from contributory negligence, and that it did not appear that the defendant company was guilty of negligence.   The plaintiff, having been nonsuited, is entitled to the most favorable construction which the jury might have placed upon the evidence.   McDonald v. Railway Co., 167 N. Y. 66, 68, 60 N. E. 282, and authorities there cited.   We are of opinion that the learned trial court erred in the disposition of this case.   The undisputed testimony is to the effect that on November 20, 1899, the plaintiff alighted from a south-bound car of the defendant at East Seventieth street and Second avenue, borough of Manhattan, city of New York, and walked to the sidewalk, where he stood for a moment at the southwest corner of those streets, awaiting an opportunity to cross Second avenue; that he looked in both directions before attempting to cross, having an unobstructed view of from 20 to 50 feet of the street; that he saw the car from which he had alighted going down town from 20 to 50 feet away; that he started to cross the tracks, and the next thing that happened "was, a car came like lightning, and threw me down under the wheels, and ran over me."   The witness testified that no bell was sounded, that no warning of any kind was given, and that he was upon the cross walk at the street intersection.   He is supported in

this testimony by an apparently disinterested witness, who testified that he was in the vicinity, and that he saw a car coming from the south at a rapid rate: "I saw the car. That is all. I didn't hear any bell. And this man happened to cross the street, and he was struck with this car. The fender struck him." This accident occurred at a street intersection, where the rights of the parties were equal. Dunican v. Railway Co., 39 App. Div. 497, 500, 57 N. Y. Supp. 326, and authorities there cited. It is not contributory negligence, as matter of law, for a person to attempt to cross a highway at a street intersection, in a populous city, from 20 to 50 feet in front of an advancing car, even if he has seen it approaching. The duty rests upon the street railway company to have its cars in control at these points, that the equal rights of others may be protected; and the people using the highways for lawful purposes have a right to rely in some measure upon the discharge of this duty. It seems entirely .probable that the south-bound car, from which the plaintiff had just alighted, was between the latter and the car which was approaching from the south at the time the plaintiff made his observations; and it was for the jury, taking all of the circumstances into consideration, to say whether the plaintiff had exercised that reasonable degree of care which a reasonably prudent and careful person would or should have used under the circumstances. If the car of the defendant approached this crossing at a high rate of speed, regardless of the rights of pedestrians, without giving any warning of its approach, or without having been reduced to the control of the defendant's servant in charge of the operation of the car,—and the jury might have drawn this inference from the evidence,—then there was a neglect of the duty owed to the plaintiff, and he has a right to recover. We think the evidence should have been submitted to the jury upon the issues presented by the pleadings, and that the nonsuit was improperly granted.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur, except GOODRICH, P. J., who dissents.