THE METROPOLITAN STREET RAILWAY COMPANY v. MARIE M. AGNEW *et al.*

No. 12,683.  (70 Pac. 345.)

SYLLABUS BY THE COURT.

STREET-RAILWAY—*Injury at Crossing—Duty of Traveler.* In an action against an electric street-railway company, by a party who was struck by a car and injured while attempting to drive over its tracks in a walk at a street-crossing, the company intro-duced testimony that an approaching car could be seen for a dis-tance of 277 feet by a person standing within fifteen feet of the

railway-tracks. This contradicted the plaintiff, who testified that, by reason of obstructions to her view, she could see in the direction the car came eighty or ninety feet only, when she was fifteen feet from the crossing. *Held*, that it was error to refuse an instruction tendered by the railway company to the effect that, if an approaching car was within the range of vision of the person injured, she was chargeable with knowledge of its coming, notwithstanding the fact that she testified that she did not see it.

Error from Wyandotte district court ; E. L. FISCHER, judge. Opinion filed October 11, 1902. Reversed.

*Miller, Buchan & Morris,* for plaintiff in error.

*Anderson & Robinett,* for defendant in error Marie M. Agnew.

The opinion of the court was delivered by

SMITH, J. : Defendant in error recovered a judgment against the Metropolitan Street Railway Company for personal injuries sustained at a place where Parallel avenue, in Kansas City, Kan., crosses the tracks of said company. She was driving a horse hitched to a surrey, and in attempting to go over the railway-tracks the vehicle was struck by a car. She testified that the horse was going in a walk, and that at a distance of fifteen feet from the crossing she could see up the track (from which direction the car came that caused her injuries) no further than eighty or ninety feet by reason of obstructions to her view, caused by houses and trees. She also testified that when within six or eight feet from the track she looked up north and saw no car approaching. The defendant below introduced a witness who testified that he had made measurements and taken observations at the place where the accident occurred, showing that at a distance of fifteen feet west of the street-railway track a car could be seen approaching from the north

at a distance of 277 feet. Plaintiff below was famil-
iar with the crossing, and knew that cars were con-
stantly passing over it.

The negligence alleged and sought to be proved by
the plaintiff below was that the street-car was reck-
lessly run at a speed of eighteen miles per hour, and
that it approached the street-crossing without ringing
the bell or giving other warning. Plaintiff below did
not deny that the car could be seen at a distance of
eighty or ninety feet from the crossing when she was
within six or eight feet from the track.

Counsel for the street-railway company requested
the court to give the following instruction to the jury,
which request was denied:

"If you find from the evidence that plaintiff looked
to the north for an approaching car before going upon
the track, and you further find that, at the time she so
looked, the said car was there approaching and within
view of her, then you are instructed that plaintiff is
chargeable with knowledge of its approach, although
plaintiff claims that she did not see said car ap-
proaching."

No instruction was given covering the same point,
nor was the attention of the jury called to the legal
effect of a failure on the part of the plaintiff below to
observe the car if it was within the range of her
vision. If the jury believed the testimony of the
witness above referred to, who measured the dis-
tances and made the observations, they must have
concluded that, if the plaintiff looked up the track
with an unobstructed view for 277 feet, she could
have seen the approaching car in time to avoid the
accident. In view of this, it was proper that they
should have been directed to consider the effect of her
negligence in attempting to cross in the face of visi-
ble danger. It seems probable, also, that she might

have escaped injury, at the gait the horse was going, had she seen the car coming from a distance of eighty or ninety feet, when she was six or eight feet distant from the crossing.  She either saw the car or else her testimony was untrue, if the testimony introduced by defendant below was given credence.  (*Young v. Railway Co.*, 57 Kan. 144, 45 Pac. 583.)  In the case cited the court quoted approvingly from the case of *C. C. C. & I. Ry. Co. v. Elliott*, 28 Ohio St. 340, 355, where it was said :

"It is nothing to the purpose that he should say he looked this way and that, when the object he seeks to discover is plainly and palpably before him, and he fails to see it.  Either his statement is not true, or his exercise of vision was such as to be not only negligent but culpable."

The instruction asked should have been given.

The judgment of the court below will be reversed and a new trial ordered.

All the Justices concurring.