## ANDRES v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Divis'on, Second Department.   June 5, 1903.)

1. STREET RAILROADS—STREET INTERSECTION—ACCIDENT—NEGLIGENCE.
    The wagon in which plaintiff was riding was struck in broad daylight by defendant's car at a street intersection, and carried a distance of 20 feet.  Both plaintiff and the one with whom he was riding testified that .they looked and saw the car 200 feet away, when the horses were 4 feet from the track, and again 40 feet away, when the horses were about to step on the track, and that no warning signal was given by the motorman.  Held, that the question of defendant's negligence was for the jury.

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Christian Andres against the Brooklyn Heights Railroad Company.  Judgment for defendant, and plaintiff appeals.  Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Martin P. Lynch, for appellant.

I. R. Oeland (George M. Curtis, Jr., on the brief), for respondent.

WOODWARD, J.   This action was brought to recover damages alleged to have been sustained by the plaintiff through the negligence of the defendant.   The action was tried before the court without a jury, and at the close of the plaintiff's case the complaint was dismissed.

In a memorandum filed by the trial court, upon rendering the judgment appealed from, it is said that the complaint was dismissed "on the ground that the plaintiff was guilty of contributory negligence." The return contains a similar statement.   Before the argument of this appeal the defendant submitted to this court affidavits to the effect that the court's reason for the decision was incorrectly stated in the return through error, and asked for an order requiring the plaintiff to show cause before this court why the return should not be amended and corrected, so that it should appear that the judgment was rendered on the ground that the plaintiff had failed to prove negligence on the part of the defendant.

Section 3055 of the Code of Civil Procedure, applicable to the Municipal Court at the time this action was commenced, by virtue of section 3213 of the Code, section 1369 of the Greater New York Charter (Laws 1897, p. 488, c. 378), and section 361 of the Municipal Court act of 1902 (Laws 1902, p. 1595, c. 580), authorizes the appellate court in a proper case to direct the trial court to make a further or amended return; but no such order was made in this case.   Under the practice of the Municipal Court prior to September 1, 1902, when the new Municipal Court act took effect, this court could receive affidavits as to the judgment rendered in the trial court only in a case specified in section 3056 of the Code, and the case here under review does not come within the provisions of that section.   Walker v. Baermann, 44 App. Div. 587, 61 N. Y. Supp. 91.

However, it appears with reasonable certainty from the stenographer's minutes that the complaint was in fact dismissed on the ground that no negligence was shown on the part of the defendant.   There

is no evidence worthy of consideration that the plaintiff personally did or omitted to do anything that contributed to the accident. He was not driving, and had no control over the movements of the team. It is only upon the theory of imputed contributory negligence that the trial court could have held otherwise, upon dismissing the complaint, than that no negligence had been shown on the part of the defendant. But, upon whatever theory the court dismissed the complaint, we think that the ruling was error, and the judgment should be reversed.

The plaintiff is entitled to the most favorable inferences deducible from the evidence. Rehberg v. Mayor, 91 N. Y. 137, 43 Am. Rep. 657. The evidence shows that at the time of the accident the plaintiff, seated beside one Pfleging, who was driving, was riding on a wagon which was proceeding along Middleton street toward the tracks of the defendant, running along an intersecting street, and crossing Middleton street at right angles. When the horses had reached a point within 3 or 4 feet of the tracks, both the plaintiff and the driver looked to the left and saw a car coming toward them, at a distance of about 200 feet. They looked again when the horses' heads were across the first rail, and saw the car coming "very fast." An instant later the car struck the left front wheel of the wagon, with force sufficient to carry the wagon 20 feet, and throw one of the horses to the ground, injuring the plaintiff.

It seems unnecessary to discuss the evidence further. It surely cannot be held as a matter of law that the motorman of the car was not negligent in failing to get control of his car, while going a distance of 160 feet, sufficiently to enable him to stop the car within a distance of 40 feet, or at least to reduce the speed so as to avoid so violent a collision. Both the occupants of the wagon saw the car when it was 200 feet away, and when the horses were about to step upon the track. They saw it again when it had reached a point 40 feet away, and the horses had just stepped upon the track. The accident occurred at 1 o'clock in the afternoon, and it does not appear that there was anything to obstruct the motorman's view. It is not unreasonable to conclude that the motorman might have seen the wagon, if he had been properly alert, as soon as the plaintiff and the driver saw the car, and the plaintiff had a right to act on the presumption that the speed of the car would be regulated accordingly. No warning bell was sounded. The presence of the plaintiff's wagon was unknown or ignored by the motorman. This clearly was the proximate cause of the collision.

In Cass v. Third Avenue R. R. Co., 20 App. Div. 591, 47 N. Y. Supp. 356, it was said by Mr. Justice Willard Bartlett:

"It would seem that negligence may well be ascribed to a gripman who runs his car at such a speed in approaching a cross-street that he cannot avoid colliding with a vehicle coming along the cross-street, and plainly visible 100 feet off, or who does not stop his car within that distance, and avert the collision, if the car is moving more moderately. Under the circumstances, as they appeared to the plaintiff and the driver of the wagon, the attempt to cross the track before the car reached them involved no obvious risk, and they were properly absolved from any fault tending to bring the accident upon themselves."

In Sesselmann v. Metropolitan Street R. Co., 65 App. Div. 484, 72 N. Y. Supp. 1010, this court said:

"This accident occurred at a street intersection where the rights of the parties were equal. Dunican v. Union Railway Co., 39 App. Div. 497, 500, 57 N. Y. Supp. 326, and authorities there cited. * * * The duty rests upon the street railway company to have its cars in control at these points that the equal rights of others may be protected, and the people using the highways for lawful purposes have a right to rely in some measure upon the discharge of this duty."

In that case a judgment entered upon the dismissal of the complaint in an action to recover damages for personal injuries sustained by the plaintiff by being struck by one of the defendant's cars was reversed, and a new trial granted. Upon the second trial the plaintiff recovered a verdict for $10,000, which was unanimously affirmed upon appeal, by this court, the court saying:

"This accident occurred at a street intersection * * * at a point where the plaintiff had the right to assume that the defendant would have its car under control, and would, as the operator of a powerful engine of destruction, be vigilant in protecting or preserving the equality of rights on the part of pedestrians and others lawfully using the highway." Sesselmann v. Metropolitan Street R. Co., 76 App. Div. 336, 78 N. Y. Supp. 482.

The language of these decisions expresses our views of the case at bar. The judgment should be reversed, and a new trial granted.

Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event. All concur.