# BARRIE, Appellant, v. ST. LOUIS TRANSIT COMPANY, Respondent.

### St. Louis Court of Appeals, November 3, 1903.

1. **Negligence:** TESTIMONY OPPOSED BY PHYSICAL FACTS. Where the testimony of plaintiff, in an action for damages for injuries received by collision with a street car, to the effect that, before driving upon the track, he looked and could not see the approaching car, is opposed by undisputed physical facts which show that he could have seen it if he had looked, the case should be withdrawn from the consideration of the jury.

2. ——: DUTY OF MOTORMAN. If the motorman in charge of the car, by keeping vigilant watch ahead, could have seen plaintiff's perilous position in time to have stopped the car and avoided the collision, the company is liable notwithstanding the plaintiff drove upon the track without looking or listening.

3. ——: CONTRIBUTORY: COMPARATIVE NEGLIGENCE. When both parties are guilty of negligence, plaintiff is not entitled to recover for the reason that there is no such thing as comparative negligence. Where plaintiff, without looking or listening, drives upon the track so near to an approaching car that it could not be stopped in time to avoid the collision, he is not entitled to recover, though the motorman failed to sound the gong.

4. ——: ——: INSTRUCTIONS. Where the plaintiff testifies that he looked and listened before driving upon the track, and the physical facts show conclusively that if he looked he saw the car and knew it was approaching, and continued on his course without again looking, it is error to leave out of view this phase of the evidence in giving instructions to the jury, and authorize a recovery upon the assumption that he was guilty of no contributory negligence, provided he used due diligence in getting over the track.

5. ——: ——: INSTRUCTIONS. An instruction to the jury that, if the motorman could have avoided the accident by ordinary care, "the negligence of the plaintiff was no defense," is too strong, and should be qualified by telling the jury that the plaintiff's negligence was no defense unless it directly or proximately contributed to the injury. (GOODE, J., concurring.)

Appeal from St. Louis County Circuit Court.—*Hon. J. W. McElhinney*, Judge.

AFFIRMED.

*Marion C. Early* for appellant.

(1)   Under the law and evidence, the cause was properly submitted to the jury.   Guenther v. Railroad, 108 Mo. 18; Kellny v. Railway, 101 Mo. 67; Lynch v. Railroad, 111 Mo. 607; Bunyon v. Railway, 127 Mo. 12; Chamberlain v. Railway, 133 Mo. 587; Baird v. Railway, 146 Mo. 265; Lamb v. Railway, 147 Mo. 171; Schmidt v. Railway, 149 Mo. 270; Morgan v. Railroad, 159 Mo. 262; Cooney v. Railway, 80 Mo. App. 226; Hickman v. Railway, 47 Mo. App. 65; McCormack v. Monroe, 64 Mo. App. 197.   (2)   The instructions when read together are consistent.   There is nothing to warrant the assumption that the jury were misled.

*Boyle, Priest & Lehmann* and *Geo. W. Easley* for respondent.

(1)   The instruction did not submit to the jury the question of whether the injury to the plaintiff was caused by the negligence of the defendant or not, and there must be a causal connection between the negligence and the action.   Maher v. Railroad, 64 Mo. 276; 1 Thomps. Com. on Neg., secs. 44-45; Hudson v. Railway, 32 Mo. App. 676; Brown v. Railroad, 20 Mo. App. 227; Henry v. Railroad, 76 Mo. 293; Marble v. City of Worcester, 4 Gray 395; Broom's Maxims, 216; Ins. Co. v. Tweed, 7 Wall. 52; Wharton's Neg., sec. 138; Holwerson v. Railroad, 157 Mo. 226; Watson v. Railroad, 133 Mo. 251; Zurfluh v. Railway, 46 Mo. App. 642; Hanselman v. Railroad, 88 Mo. App. 123.   (2)   The demurrer to the evidence should have been sustained. Boyd v. Railroad, 105 Mo. 371; Sinclair v. Railroad, 133 Mo. 241; Huggert v. Railroad, 134 Mo. 673; Vogg v. Railroad, 138 Mo. 172; Culbertson v. Railroad, 140 Mo. 35; Railroad v. Mosely, 57 Fed. 922; Kirtley v. Railroad, 65 Fed. 391; Murphy v. Railroad, 153 Mo. 262; Butts v. Railroad, 98 Mo. 272; Loring v. Railroad, 128

Mo. 349; Kries v. Railroad, 148 Mo. 321; Coatney v. Railroad, 151 Mo. 35; Kelsey v. Railroad, 129 Mo. 362; Lane v. Railroad, 132 Mo. 4; Schofield v. Railroad, 114 U. S. 615; Maxey v. Railroad, 113 Mo. 1; Payne v. Railroad, 136 Mo. 562.

## STATEMENT.

Plaintiff was driving a covered milk wagon and delivering milk to residents of and in the neighborhood of Jefferson avenue, in the city of St. Louis. Defendant has a double street railway track on Jefferson avenue over which it operates cars by electric power. As plaintiff was driving across the track the hind wheels of his wagon were struck by one of the defendant's cars running south, the wagon was overturned and defendant's leg broken. The suit was to recover for these injuries. The defense was contributory negligence.

Jefferson avenue runs north and south. Cars going south run on the west track.

Plaintiff testified that he drove out of an alley about the middle of the block on Jefferson avenue; that when he got on the avenue and cleared the building line he looked north and south, but saw no car coming and drove straight forward across the street; that about the time the fore wheels of his wagon were over the west rail of the west track he saw a car coming close upon him; that he was driving at about the rate of three miles miles per hour up to the time when he saw the car; that he then whipped up his horse, but before the hind wheels had cleared the track the wagon was struck by the car and turned over.

There was nothing but the sides of his wagon to prevent the plaintiff from seeing the car coming; after he got on the avenue there were no obstructions in the street nor turns in it to obstruct his view for a distance of over two hundred feet. He testified, however, that he leaned forward until his view cleared the sides of his wagon and looked up and down the street; north and

south; that he neither saw nor heard a car and that he then drove straight forward across the track. He was unable to give any explanation or reason why he did not see the car, which was within less than two hundred feet of him when he first drove on the street.

Charles Sagert, a witness for plaintiff, testified that he was on Jefferson avenue a short distance south of where plaintiff's wagon was struck; that he saw the car coming as the milk wagon came out of the alley; that the motorman did nothing to stop the car until it struck the wagon; that he did not hear the gong of the car sounded and that the car was coming at a fast rate of speed; that it was about two hundred feet away when he first saw it.

William Hartman, a witness for plaintiff, testified that he noticed the milk wagon coming out of the alley on the east side of Jefferson avenue; that it turned a little slanting across the street; that he saw the car coming up from Lafayette avenue (the next cross-street north) as the wagon turned out of the alley; that he next observed the motorman apply the brake at about ten or fifteen feet from the wagon; that he "applied the brake easily until the car struck the wagon and then threw it on with full force and pushed the wagon about six feet along the track, after turning it over, and then backed off."

For the defendant, the evidence is that the car was running at about six miles per hour; that when the plaintiff came from the alley on the street, the car was about one hundred and fifty feet north of him; that the gong was sounded and that plaintiff drove on the east track, turned south on that track and drove along it until the car was within eight or ten feet of him when he suddenly turned his horse and drove directly west across the track; that he was so near the car when he turned across that it was impossible to stop the car in time to prevent striking the wagon.

Plaintiff testified that he attempted to cross the

street for the purpose of delivering milk at No. 1815 on the west side of Jefferson avenue. There is a diagram of the locality in the record testified by the witnesses to be correct. This diagram shows that the north line of No. 1815 is due west of the south line of the alley so that the plaintiff would have to bear but very slightly to the south to reach No. 1815 from the alley.

BLAND, P. J.(after stating the facts as above)— Defendant demurred to plaintiff's evidence which the court denied. The case was submitted to the jury and a verdict was rendered for plaintiff. From an order setting aside the verdict and granting a new trial, plaintiff appealed. The court granted the new trial on the following ground set forth in the motion therefor, to-wit:

"First. Because the court erred in giving improper and illegal instructions on behalf of the plaintiff over the objections of defendant.

"Second. Because the court erred in refusing proper and legal instructions asked on behalf of the defendant.

"Third. Because the court erred in not sustaining the defendant's demurrer to the plaintiff's evidence, and in submitting the case to the jury."

If the plaintiff's case rested solely on his own evidence, we think he should have been nonsuited. His testimony, that before driving on the track he looked north and south and did not see an approaching car, is not to be believed because opposed to the undisputed physical facts which show that if he had looked he could not have but seen the approaching car. Such testimony is without any probative force whatever and authorizes the trial court to withdraw it from the consideration of the jury; in such circumstances it is its duty to do so to promote substantial justice. Kries v. Railway Co., 148 Mo. l. c. 330; Ferguson & Wheeler v. Venice Trans. Co., 79 Mo. App. l. c. 361.

But it seems to us that there is some evidence, though slight, that the motorman in charge of the car was remiss in the performance of his duty, in this, that had he kept a vigilant watch ahead of him he would have seen plaintiff's perilous position in time to have stopped his car and avoided the collision; if so, then the defendant company is liable, notwithstanding the fact that plaintiff drove upon the track without looking or listening for an approaching car. Livingston v. Wabash Ry. Co., 71 S. W. (Mo.) 136; Morgan v. Wabash Ry. Co. 159 Mo. 262; Klockenbrink v. R. R. Co., 81 Mo. App. 351, affirmed in 72 S. W. 900; Conrad Grocer Co. v. Railroad, 89 Mo. App. 391.

On the other hand, if without looking or listening for an approaching car, the plaintiff drove upon the track so near to an approaching car that it could not be stopped in time to avoid a collision, the defendant company is not liable, notwithstanding the fact that the motorman failed to sound his gong. In such circumstances both parties would be guilty of negligence and the plaintiff would not be entitled to recover for the reason that there is, in this State, no such thing as comparative negligence, and where the negligence of both parties contributes to produce the injury the plaintiff can not recover. Powell v. Railway, 76 Mo. 80; Yancey v. Railway, 93 Mo. 433; Butts v. Railway, 98 Mo. 272; Boyd v. Railway, 105 Mo. 371; Vogg v. Railway, 138 Mo. 172; Peterson v. Railway, 156 Mo. 552; Holwerson v. Railway, 157 Mo. 218; Conrad Grocer Co. v. Railroad, 89 Mo. App. 534; Millinery Co. v. Railway, 59 Mo. App. 668.

2. For the plaintiff the court gave the following instruction:

"4. The court instructs the jury that if they believe from the evidence, that on the first day of February, 1900, Jefferson avenue, at the place mentioned in the evidence, was a public street within the city of St.

Louis, and that the defendant was operating street cars over and along said thoroughfare, and if you find from the evidence that on said day plaintiff was driving his horse and wagon across said Jefferson avenue, over defendant's track from the east to the west side thereof near the intersection of Geyer avenue, and that whilst so doing defendant's south-bound car collided with the rear of plaintiff's wagon overturning the same and thereby injuring or breaking the right leg of the plaintiff; and if you further find from the evidence that the motorman in charge of said car saw, or by the exercise of ordinary care, in keeping watch for persons on foot and vehicles, either on the track or moving towards defendant's track, and in danger of being injured by said car, would have seen plaintiff's wagon on defendant's track or moving towards it, and in danger of injury by defendant's car; and thereafter could have averted said collision and injury to plaintiff by the exercise of ordinary care and neglected to do so, the defendant is liable in this case whether plaintiff exercised ordinary care to look out for said cars or not, and in that event the negligence of the plaintiff is no defense to this action, if you also find that plaintiff exercised ordinary care, under all the circumstances, to avoid the accident after he became aware of his danger, and if you so find your verdict will be for the plaintiff and you will assess his damages at such sum as directed in another instruction.''

Plaintiff testified that he looked before attempting to cross the track; that he saw no car. .The physical facts present at the time conclusively show that if he looked, as he said he did, he saw the car and knew that it was approaching, and with this knowledge continued on in his course without again looking to see whether or not he could cross the track in safety ahead of the car. If this be true then he was guilty of such contributory negligence as precluded his right of recovery. Watson v. Mound City R'y Co., 133 Mo. 246; Boyd v. Wab-

ash Western R'y Co., 105 Mo. 371; Phelps v. City of Salisbury, 161 Mo. 1; Rice v. Wabash R'y Co., 92 Mo. App. 35; Conrad Grocer Co. v. Railroad, 89 Mo. App. 534. The instruction left out of view this very important and damaging phase of the evidence and authorized a recovery upon the assumption that plaintiff was guilty of no contributory negligence, provided he used due diligence to get over the track after the front wheels of his wagon were on it, when, as he says, he first discovered the car was coming and close upon him. We think that under the evidence the instruction is erroneous and misleading and that the trial court did not err in sustaining the motion for a new trial.

The judgment is affirmed. *Reyburn* and *Goode, JJ.*, concur; the latter in a separate opinion.

GOODE, J. (concurring).—My objection to the instruction in the foregoing opinion goes mainly to the portion which says that if the motorman could have avoided the accident by ordinary care, "the negligence of the plaintiff was no defense." This is too strong. It ought to have been qualified by telling the jury the plaintiff's negligence was no defense unless it directly or proximately contributed to cause the accident. On the whole, this instruction was so drawn that the jury were apt to be misled into thinking that the plaintiff's negligence, whether proximate or remote, was no defense.