HOWARD W. SMITH v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

June 23, 1905.

Nos. 14,290—(83).

**Vehicle at Street Crossing.**

Where an electric car collides with a vehicle, which while being driven along a public street parallel and in the same direction with an advancing street car, turns at a street crossing to go over the track in front of that car, the negligence of the street car company is to be determined in accordance with rules of law giving both the car and the vehicle the right to use the streets and intersections, and imposing on both the reciprocal duty of the exercise of due care to avoid harm.

[1] Reported in 104 N. W. 16.

### Driver of Street Car.

The exercise of care on the part of the motoneer has special reference to the rate of speed at which the car was moving, his control and exercise of control over it, and his opportunity for observing that the vehicle was about to cross, including the distance from the track at which the vehicle turned and the rapidity with which it was then traveling.

### Street Car Crossing.

The test of the care to be exercised at a street car crossing is not necessarily the same as is required at a steam railway crossing.

### Contributory Negligence.

If a driver of a vehicle approaching a street railway track to cross it at an intersection with another street looks and listens and sees and hears no car approaching for such a distance that he could probably make the crossing safely, he is not guilty of contributory negligence, as a matter of law, if, while attempting to cross the tracks, the car strikes and overturns his vehicle.

### Questions for Jury.

In this case *held*, the negligence of the defendant and the contributory negligence of the plaintiff were for the jury, and its verdict was justified by the evidence.

Action in the district court for Hennepin county to recover $7,500 for injuries to plaintiff's person and property resulting from a collision with defendant's street car. The case was tried before Simpson, J., and a jury, which rendered a verdict in favor of plaintiff for $1,800. From a judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Koon, Whelan & Bennett,* for appellant.

*F. N. Hendrix* and *J. Van Valkenburg,* for respondent.

JAGGARD, J.

The plaintiff and respondent, together with a companion, were, in the daytime, driving a single horse to a phæton with the top down, but not unbowed, in an easterly direction, parallel with defendant's and appellant's street car track, down Hennepin avenue, in the business district of Minneapolis. The plaintiff turned his horse and vehicle for the purpose of crossing the track on Hennepin avenue, near its intersection, at right angles, with Seventh street, to drive up that street. The vehicle was struck and overthrown by a car going in the

same direction in which it was being driven. Plaintiff brought this action for consequent personal injuries. On the first trial the jury found for the plaintiff. The trial court granted a new trial, and refused to direct a judgment notwithstanding the verdict, without assigning reasons therefor. On appeal this court refused to presume that the order granting a new trial was based on the ground that the verdict was not sustained by the evidence, and sustained the order of the trial court, because of error, inter alia, in the admission of expert testimony. Smith v. Minneapolis St. Ry. Co., 91 Minn. 239, 97 N. W. 881. On the second trial the jury returned a verdict for $1,800. The defendant moved for judgment notwithstanding the verdict, because the evidence failed to show negligence on the part of defendant, as alleged in the pleading, and did show contributory negligence on the part of the plaintiff. The motion was denied, and judgment entered for the plaintiff. From that judgment, this appeal was taken.

1. The charge of negligence set forth in the complaint, taken in connection with the charge of the court, to which no exception was taken, and as to which no error is assigned, was that immediately prior to the collision the defendant was operating a car in the city at a dangerous rate of speed, that it failed to control the car in accordance with its legal duty, and that thereby the plaintiff was injured. The only question here presented is the sufficiency of the evidence to support the verdict. Borgerson v. Cook Stone Co., 91 Minn. 91, 97 N. W. 734. The principles of law applicable are simple and familiar. Both the plaintiff and defendant had the right to use the street and its intersections; both owed the reciprocal duty of exercising that right with due reference to the other, in connection with the knowledge and the fact that the defendant's car followed a fixed path only. 2 Current Law, 1762. While the vehicle was being driven parallel with and near the track on which the car was running, the motoneer was not bound to anticipate that it would abruptly attempt to cross the tracks immediately in front of the car. If it did so undertake, the defendant company might not be guilty of negligence because of the failure of the motorman in charge to stop or slacken speed, or to avoid the collision. Fritz v. Detroit, 105 Mich. 50, 62 N. W. 1007; Chicago v. Browdy, 206 Ill. 615, 69 N. E. 570; Chicago v. Ahler, 107 Ill. App.

397; O'Connell v. St. Paul City Ry. Co., 64 Minn. 466, 67 N. W. 363.

But the duty rested upon the street car company to have its cars in control at these points that the rights of others might be protected. People using the highways for lawful purposes have a right to rely in some measure upon the discharge of this duty. (Sesselmann v. Metropolitan, 65 App. Div. 484, 72 N. Y. Supp. 1010; 76 App. Div. 336, 78 N. Y. Supp. 482; Consolidated v. Glynn, 59 N. J. L. 432, 37 Atl. 66); and it would be actionable negligence to run a car at a rate of speed incompatible with the lawful and customary use of highways by others with reasonable safety (Newark v. Block, 55 N. J. L. 607, 27 Atl. 1067; Searles v. Elizabeth, 70 N. J. L. 388, 57 Atl. 134). In this case, therefore, as the motorman approached the intersection of the streets, he was bound to exercise due care, in view of the rights of both the car and the vehicle to use the streets and intersections, with proper reference to the rate of speed at which the car was moving, the control he had over it, and the opportunity afforded him for observing that the vehicle was about to cross, including the distance from the track at which it turned and the rate of speed at which it was then traveling.

The inquiry as to the testimony thus occasioned includes an examination of more evidence than merely that which pertains to the rate of speed at which the car was going. That is a circumstance to be considered, but the primary question is whether or not the defendant had and exercised reasonably prudent control over the car. The only eyewitness on behalf of plaintiff who testified as to the speed at which the car was running swore that it was going at the rate of fifteen miles an hour when one hundred sixty or one hundred seventy feet west of the point of collision, and at the rate of ten miles an hour when eighty feet from the plaintiff. He also testified that the speed of the car was checked and that the wheels were locked at a point fifty or sixty feet above the point of collision, so that they slid on the rails and fire flew from them. The significance of the latter part of this testimony is to be weighed in connection with the evidence of the motorman, defendant's own witness, that he could have stopped the car within twenty-five or thirty feet after he had first seen the vehicle turn to cross the

95 M.—17

tracks. This same witness of the plaintiff also said that when the plaintiff turned to cross the tracks the front end of the car was some eighty feet west of the point of the intersection of the street and avenue. According to his testimony and that of the plaintiff and also of plaintiff's companion, it would seem that the plaintiff drove some twenty-five feet after turning to cross the track before the car struck the vehicle. The plaintiff and his companion also testified that at some point, not very definitely fixed, but shortly before they reached the tracks, and at a point at which they could see some seventy-five feet, and before they commenced to cross over, they listened and looked up the tracks, and heard and saw no car coming. After the collision defendant's testimony tended to show that the car carried the carriage some eight to twelve feet before it was tipped over. The defendant introduced a large number of witnesses directly contradicting the claims of the plaintiff and sustaining its own contention. This testimony, as a whole, including cross-examination, affords some basis for plaintiff's contention that it contains corroboration of material parts of his case.

The present appeal, however, is not to be determined by the opinion of this court as to the preponderance of the testimony. On the contrary, plaintiff is entitled to such favorable inferences as may reasonably be drawn from the evidence. Rehberg v. Mayor, 91 N. Y. 137; Andres v. Brooklyn, 84 App. Div. 596, 82 N. Y. Supp. 729. Two juries have tried this case. Both found for the plaintiff. This examination of the testimony and history of the case is sufficient to show that there was evidence reasonably tending to support the jury's conclusion of negligence on the part of defendant.

2. The rules as to contributory negligence, under the circumstances here involved, are well settled. It is the duty of a person on foot or in a vehicle, who passes from a place of safety outside of a street railway track to one of danger upon it, to make reasonable use of his senses of sight and hearing for his own protection. Hickey v. St. Paul City Ry. Co., 60 Minn. 119, 61 N. W. 893; Wosika v. St. Paul City Ry. Co., 80 Minn. 364, 83 N. W. 386; Terien v. St. Paul City Ry. Co., 70 Minn. 532, 73 N. W. 412; Russell v. Minneapolis St. Ry. Co., 83 Minn. 304, 86 N. W. 346; Honick v. Metropolitan, 66 Kan. 124, 128, 71 Pac. 265; Moser v. Union Trac. Co., 205 Pa. St. 481, 55 Atl. 15;

McGee v. Consolidated, 102 Mich. 107, 60 N. W. 293; Beerman v. Union, 24 R. I. 275, 52 Atl. 1090.

The street railway car, however, has no priority of way at a street crossing with respect to other vehicles. The rights of the parties are equal. 2 Current Law, 1762, note 35; Dunican v. Union, 39 App. Div. 497, 57 N. Y. Supp. 326; O'Neil v. Dry Dock, 129 N. Y. 125, 29 N. E. 84; Hewlett v. Brooklyn, 63 App. Div. 423, 71 N. Y. Supp. 531.

And it is the law in this state that the care required to be used in looking and listening when about to cross a street car track is not necessarily the same as is required in crossing a steam railway track. When the driver of a vehicle approaching the street railway track to go over it at a street intersection looks and sees no car approaching at such a distance that he can apparently make the crossing safely, he is not, as a matter of law, guilty of contributory negligence if he attempts to cross the tracks without looking a second time at the car. Shea v. St. Paul City Ry. Co., 50 Minn. 395, 52 N. W. 902; Watson v. Minneapolis Street Ry. Co., 53 Minn. 551, 55 N. W. 742; Flannagan v. St. Paul City Ry. Co., 68 Minn. 300, 71 N. W. 379; Riley v. Minneapolis St. Ry. Co., 83 Minn. 96, 85 N. W. 947; Peterson v. Minneapolis St. Ry. Co., 90 Minn. 52, 55, 95 N. W. 751; Holmgren v. Twin City Rapid Transit Co., 61 Minn. 85, 63 N. W. 270. Indeed, a traveler at a crossing may obtain the right of way over a street crossing where, in the reasonable exercise of his rights, he reaches the point of crossing in time to go safely upon the track in advance of an approaching car; the latter being sufficiently distant to be checked or stopped, if need be, in the exercise of due care. Searles v. Elizabeth, 70 N. J. L. 388, 57 Atl. 134. And see Kennedy v. Third Avenue, 31 App. Div. 30, 52 N. Y. Supp. 551; San Antonio v. Renken, 15 Tex. Civ. App. 229, 38 S. W. 829.

The testimony previously stated brings this case within these rules. It shows a dispute of fact as to the locality and movement of the car, and as to whether the point at which the plaintiff looked and listened justified him in attempting to cross as he did. The principal doubt arises upon the defendant's argument that upon the physical facts in evidence, if the plaintiff had looked for the approaching car, he must have seen it at such a distance as to render it negligent for him to at-

tempt to cross in front of it; that he is chargeable with notice of its approach, notwithstanding his testimony that he did not see it; and that the verdict should not be allowed to stand on the unreasonable and uncorroborated testimony of the plaintiff alone. Stafford v. Chippewa, 110 Wis. 331, 85 N. W. 1036; Barrie v. St. Louis, 102 Mo. App. 87, 76 S. W. 706; Watson v. Mound City, 133 Mo. 246, 34 S. W. 573; Metropolitan v. Agnew, 65 Kan. 478, 70 Pac. 345; Cleveland v. Elliott, 28 Oh. St. 340; Clark, St. Ry. Acc. Law, 106; Cawley v. La Crosse, 101 Wis. 145, 77 N. W. 179; Flaherty v. Harrison, 98 Wis. 559, 74 N. W. 360.

The testimony previously reviewed herein shows, however, that there was considerably more testimony to sustain the plaintiff's contention on this point than his own evidence. The record contains a fair foundation for his insistence that while he drove about twenty-five feet the car ran about one hundred feet, and that the physical facts were not entirely inconsistent with his statement as to seeing no car within seventy-five feet of the point at which he looked for it. Naturally dialectical method led the plaintiff to insist that he turned to cross the tracks at a considerable distance from them, but looked for an approaching car when he was quite near them, and also led defendant to insist that the plaintiff turned when near the tracks, but looked for an approaching car when a considerable distance from them. The trial court properly submitted the question of plaintiff's contributory negligence to the jury. San Antonio v. Upson, 31 Tex. Civ. App. 50, 71 S. W. 565; Cass v. Third Avenue, 20 App. Div. 591, 47 N. Y. Supp. 356; Andres v. Brooklyn Heights, 84 App. Div. 596, 82 N. Y. Supp. 729. Cf. Schmedding v. New York, 85 App. Div. 24, 82 N. Y. Supp. 1034.

Judgment appealed from is affirmed.