MARTIN E. O'BRIEN v. ST. PAUL CITY RAILWAY COMPANY.[1]

June 1, 1906.

Nos. 14,734—(103).

**Pedestrian Crossing Double Tracks.**

A pedestrian, about to cross two street car tracks on which he has seen two cars approaching in opposite directions at a rapid rate of speed, who passes behind one and undertakes to cross in front of the other advancing toward him, is not bound to anticipate negligence on the part of the motoneer; but he is not absolved from the duty of exercising reasonable care to avoid being struck by the advancing car.

**Contributory Negligence.**

His failure to exercise such care constitutes contributory negligence, and bars his right to recover for consequent personal injuries.

**Same.**

Under the circumstances of this case, the conduct of the plaintiff is *held* to have constituted contributory negligence as a matter of law.

Action in the district court for Ramsey county to recover $15,000 for personal injuries. The case was tried before Kelly, J., who directed a verdict in favor of defendant upon the close of plaintiff's testimony. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*H. A. Loughran* and *John D. O'Brien*, for appellant.
*Munn & Thygeson*, for respondent.

JAGGARD, J.

This is an action for personal injuries received by plaintiff and appellant. At the close of plaintiff's testimony defendant and respondent made a motion to direct a verdict in its favor, for the reason that the

[1] Reported in 108 N. W. 805.

evidence failed to show any evidence of negligence on the part of defendant and that the evidence did show that plaintiff himself was guilty of negligence which contributed to his injuries. The trial court granted the motion. From an order denying plaintiff's motion for a new trial, this appeal was taken.

The testimony is practically undisputed that on the evening in question, about nine o'clock, plaintiff left his residence on West Seventh street in St. Paul, a short distance east of Walnut street, where it intersected West Seventh street, to go to a cigar store, which was located on the opposite side of West Seventh street, on the northwest corner of Walnut and West Seventh street, and west of the place where he was rooming; that he proceeded west on Seventh street, walking on the sidewalk on the southerly side of the street, until he came to a point about twenty feet east from the southeast corner of Walnut and West Seventh streets. There he looked west and saw a car coming east, and looked east and saw a car coming west. The west-bound car was about two hundred fifty feet away from him. He walked diagonally from the sidewalk over to the Walnut street crosswalk; where it crosses Seventh street, to a point three or four feet south of the southerly rail of the southerly track of defendant's car-line. He then looked to the east, and saw the west-bound car was about one hundred fifty or one hundred sixty feet away from him. While he was standing at this crossing, the east-bound car passed him. He looked for the west-bound car when he was in the center of the south track, in the rear of the east-bound car. There he claims that he could see east for a distance of from sixty to seventy feet, and that he looked, but saw no car. Having seen a man walking along West Seventh street whom he thought was a shopmate of his, he "started straight over to head that man off." Just as he was crossing the west-bound track he heard a whistle. He glanced up the track, and there was a car within twenty-seven or thirty feet of him. He made a quick move to get over the track, and he thinks he did get over the north rail. The end of the car caught him and threw him out to the curb.

The determining question in this case is whether the plaintiff was guilty of contributory negligence as a matter of law.

It is contended by his counsel, and it is the settled law, that it is

the duty of a street car company to keep its cars under reasonable control and to run them at a reasonable rate of speed when they are near street crossings in crowded parts of a city; that it is not negligence in law to cross a street railway track in front of an approaching car which a person using the highway has seen, and which does not appear to him to be dangerously near, and which would not have been so in fact, had it been running at its ordinary rate of speed and under proper control; and that such a person is not bound to anticipate that the motoneer would be negligent, reckless, or wilful. It has been well said that, "if the footman is required in a crowded thoroughfare to look up and down and wait until all possibility of collision is past, it would be like sitting on the bank until the stream should run by." Cincinnati v. Snell, 54 Oh. St. 197, 43 N. E. 207, 32 L. R. A. 276. So also it has been said that he who puts himself in the way of runaway horses which have escaped from their driver's control must know that he is taking a risk; but a jury may well say that he who crosses in front of a trolly car provided with a motoneer may assume that it is furnished with means of stopping or reducing its speed. Kansas City, etc., v. Gallagher, 68 Kan. 425, 75 Pac. 469, 64 L. R. A. 344, 347, 348. The presence of an unexpected emergency, or of what the law recognizes as legitimately distracting circumstances, is also to be considered in determining the contributory negligence of a person injured by a street car collision. It would be idle to cite cases at length in support of these well-established principles.

It is equally well settled, however, that a pedestrian, while not required to exercise that care which "keeps watch in every old man's eye," is bound to conform to the dictates of ordinary prudence in avoiding accidents of this character. His failure so to do bars a recovery by him of consequent personal injuries. The person using streets on which street cars are operated, and who knows of an approaching car, is not required to anticipate negligence on the part of the motoneer; nor is that motoneer bound to anticipate negligence on his part in undertaking to carelessly cross in front of the car. If both are negligent, the damages are not recoverable.

In connection with the citation of many relevant cases, Mr. Clark has thus stated the pertinent law: "Negligence contributing as an efficient cause of injury will defeat an action therefor, irrespective of

the quantum of negligence of the respective parties. * * * A common case is where there are double tracks, and a pedestrian, either crossing the street or having just alighted from a car, crosses in the rear of the car and is struck by a car coming in the opposite direction on the other track. Where it appears that a pedestrian did look for a car, this is generally sufficient to take the question of his due care to the jury, especially where there are other circumstances tending to show negligent operation of the car. The mere fact of looking, however, does not absolve the pedestrian from the duty of taking further precautions. If he sees a car and determines to take his chances of crossing ahead of it, but miscalculates his distance, he is unable to recover." 4 Current Law, 1568, 1569.

This view of the law has been applied by this court to facts not very dissimilar to those at bar. Metz v. St. Paul City Ry. Co., 88 Minn. 48, 92 N. W. 502. And see Hickey v. St. Paul City Ry. Co., 60 Minn. 119, 61 N. W. 893; Terien v. St. Paul City Ry. Co., 70 Minn. 532, 73 N. W. 412; Baly v. St. Paul City Ry. Co., 90 Minn. 39, 95 N. W. 757.

In the nature of things it must happen in this class of cases that the conclusion to be drawn from the application of these familiar principles depends upon the circumstances of each particular case. It must rarely happen that any one reported case will be on all fours with the case under consideration. In this instance, the plaintiff's own testimony shows that he was familiar with the running of cars upon these tracks; that the cars at this place ordinarily moved rapidly; that the headlights and the bodies of the cars and the streets were well lighted. He was in full possession of his faculties. He was confronted by no unexpected emergency, nor by any emergency at all. He had unlimited time in which to decide upon his course of action. Cf. Fonda v. St. Paul City Ry. Co., 71 Minn. 438, 74 N. W. 166, 70 Am. St. 341. There were no distracting circumstances, properly speaking, for the passing of the east-bound car was a familiar and safe experience. The presence of his shopmate was entirely an accidental fact, not of necessity connected with the peril of his situation. He knew that the west-bound car was moving rapidly on a downgrade; that while he was walking from a point on the sidewalk twenty feet distant from the street, crossing to a point three or four feet south of defendant's

southerly track, the car had moved more than one hundred feet toward him. He waited there some time while the east-bound car, thirty eight feet, more or less, in length, had passed him for some distance. He knew that he must travel, from the point where he stood when he began to cross, a distance of at least twenty one feet before he would be out of danger, and that while he was waiting for the car to pass in front of him and when he stepped behind it he was hidden from the sight of the motoneer of the car approaching on the other track, and his own view of the latter car would be obscured. His situation was not like that of the driver of a vehicle who has looked and listened at a street crossing and has heard no car approaching for such a distance that he could probably make the crossing safely, and then miscalculates.

This plaintiff knew that the car which struck him was approaching him rapidly and a short distance away. Cf. Smith v. Minneapolis St. Ry. Co., 95 Minn. 254, 104 N. W. 16. The mere fact that he miscalculated is not conclusive of his negligence, but his want of care appears from all the circumstances of the case. No mathematical calculation of time and distances, based as it must have been on uncertain estimates or mere conjectures, could exactly or satisfactorily determine the care which ought to have been exercised under such circumstances. The matter was one for the exercise of sound judgment, in the light of common experience. The ordinarily prudent man profits by "cold pausing caution's lesson" when he passes behind a moving car on one track with a definite knowledge that another car is approaching on another track in an opposite direction at a rapid rate of speed. He does in general take great chances in presence of such imminent danger, especially in the absence of any immediate necessity. The exercise of ordinary care demands that a pedestrian should not unnecessarily expose himself to such a known and uncalled for hazard. In this case to have pursued an entirely safe course required a pause of but a few seconds. We accordingly think that the trial court properly held that an ordinarily prudent man would not have done as the plaintiff did, and that the plaintiff was therefore guilty of such contributory negligence as barred his recovery in this action.

Order affirmed.