SCHMEDDING v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department. June 12, 1903.)

1. STREET RAILWAYS—COLLISION WITH TEAM—INTERSECTION OF STREETS.
 The rule that at an intersection of streets the rights of a street car and of a crossing vehicle are equal has no application, where the vehicle is proceeding along the same street as the car, and there is a mere attempt to cross to the other side, at the intersection, instead of at some other point; in such case the care required of the driver of the team is as though there were no intersection.

Appeal from Queens County Court.

Action by Frank Schmedding against the New York & Queens County Railway Company. From a judgment on a verdict for defendant, and from an order denying a motion for new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

M. P. O'Connor (J. Brownson Ker, on the brief), for appellant.

George F. Hickey (William E. Stewart, on the brief), for respondent.

WILLARD BARTLETT, J. This is a negligence suit arising out of a collision between the plaintiff's wagon and one of the defendant's trolley cars on Steinway avenue, in the borough of Queens, at or near the intersection of that avenue with Frankfort street. There was a verdict for the defendant, and the only questions presented upon this appeal relate to a refusal of the court to charge a request by the plaintiff, and to a modification of that request.

The following extract from the record shows the manner in which these points were raised:

"Plaintiff's counsel requested the court to charge the jury that as matter of law the defendant company did not have any superior right of way over Steinway avenue at the intersection of Frankfort street over that of the plaintiff; that the rights of the parties were equal at that corner. The Court: I decline to charge as requested. (Exception taken.) The Court: But I charge with respect to that place that each was required there to exercise the same degree of care that they were required to exercise in any other part of this avenue. Had this accident occurred between the streets, when he was driving along Flushing avenue, and was about to cross Steinway avenue at this place and at this crossing, then their rights would have been equal, and the car would have had no superior right of way over the wagon. But the defendant and the plaintiff were both traveling on Steinway avenue before they came to Frankfort street, and there was no change in the degree of care which each was required by law to observe, because of their coming to this crossing. (Plaintiff's counsel excepts to the modification.)"

It is not at all certain from the evidence that the collision occurred at the intersection of Steinway avenue and Frankfort street, but, inasmuch as the jury might have found that it did so occur, it is necessary to inquire whether the instructions of the court were correct with reference to the rights of the parties at that point.

The plaintiff was not driving along Frankfort street and approaching Steinway avenue with the intention of crossing the railroad track at that point, and continuing his journey through Frankfort street

He had been driving up Steinway avenue, along which the defendant's tracks are laid and its cars operated. He was a baker, and he desired to cross from one side of Steinway avenue to the other side in order to deliver bread to a customer. While he was crossing Steinway avenue for this purpose a collision occurred; and the question is whether, assuming that his wagon was struck at the intersection of Frankfort street, he is entitled to invoke the application of the rule that at intersecting streets the rights of a street car and of a crossing vehicle are equal. O'Neil v. D. D., E. B. & B. R. R. Co., 129 N. Y. 125, 29 N. E. 84, 26 Am. St. Rep. 512; Hewlett v. Brooklyn Heights R. R. Co., 63 App. Div. 423, 71 N. Y. Supp. 531.

The reason for this rule arises out of the necessities of the case when a car is traveling through one street and a vehicle is being driven through another street which crosses that upon which the railroad tracks are laid. The crossing vehicle must, of necessity, occupy the railroad track for some moments at least in making its way along the intersecting street. Hence it has been held by the courts, under such circumstances, that the paramount right which the railroad company has in respect to the operation of its cars in the other parts of the street becomes lessened to mere equality with respect to crossing vehicles at street intersections. It is manifest, therefore, that if the plaintiff had been driving through Frankfort street, and had crossed Steinway avenue or was attempting to cross Steinway avenue on his way, the rule would have been applicable to the condition of things thus presented, and the refusal of the court to charge the request of his counsel would have been error.

I think, however, that it had no application under the circumstances. There was an absence in this case of any necessity calling for the crossing of the tracks at the street intersection. The plaintiff had the most ample choice as to the place which he would select as his route in proceeding from one side of Steinway avenue to the other in order to serve his customers. He was not limited to any particular portion of the railway track, as he would have been in case he had been driving through Frankfort street. Indeed, his actions are to be considered just as though there had been no intersecting street whatever at the point where Frankfort street crosses Steinway avenue, because the presence of that street had no effect and could have had no effect upon his conduct. If this view is correct, the learned county judge committed no error, but, on the contrary, instructed the jury in precise accordance with the law. It is to be observed that the charge requested was not a general instruction that at street intersections the rights of cars and crossing vehicles are equal, but was a specific declaration that this defendant company did not have any superior right of way over Steinway avenue at the intersection of Franklin street over the right of the plaintiff. In my opinion the exceptions relied upon are untenable, and I think the judgment should be affirmed.

*Judgment and order affirmed, with costs. All concur.*