### GILMAN et al. v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. December 20, 1907.)

1. STREET RAILROADS—COLLISION WITH VEHICLE—RIGHT OF WAY.
    A driver on a street occupied by street car tracks does not have an equal right of way with the street car company, except at street intersections, on that portion of the street occupied by the tracks.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, § 193.]

2. SAME—ACTIONS—EVIDENCE.
    In an action for injuries caused by a collision between plaintiffs' wagon and a street car, evidence *held* insufficient to show freedom from contributory negligence.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Kalman Gilman and another against the New York City Railway Company. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and McCALL, and FORD, JJ.

William E. Weaver, for appellant.
Isidor L. Daniels, for respondents.

PER CURIAM. One of the plaintiffs, Goldenberg, was driving a wagon belonging to plaintiffs, who were partners. Both plaintiffs were in the wagon. They entered Third avenue at 106th street, and drove south on the westerly side of Third avenue until near 101st street. Goldenberg says:

"We [plaintiffs] were on a wagon drawn by one horse, and on the way down we wanted to stop at a customer's at 101st street, and I took the lines and drove the horse toward the side street. I heard a rush as of a car behind me, and I looked around and saw that the car was 50 or 60 feet back of me. I started to drive the horse clean out of the way, when the car came with a great rush behind me, and struck the wagon with such force as to throw me off the wagon. * * * The car struck the wagon with such force as to cause the car to go backwards. * * * I did not hear any signal of the approach of the car."

The wagon was a covered one. On cross-examination he testifies thus:

"Q. When you reached 101st street, at that corner, you drove right across the track without doing anything? A. I looked around first, and saw that the car was 50 or 60 feet away from me, and then I started to cross. Q. When you reached the crossing on the north side of 101st street, leading from the west of the avenue to the east side of the avenue, did you attempt to cross the track then in a diagonal direction? A. No; I did not. I first looked around, and then I started to cross. I was at the crossing, in the middle of the street, on the right-hand side, next to the curb. The first time I looked back for the car was when I had reached 101st street. Before I went to turn around, I looked at the car, and I thought it was about 50 or 60 feet away. I looked before I turned the horse on the track. Q. Now, when you looked, how far west of that south-bound track was your wagon, when you looked at the car? A. Twenty feet. Q. And at the time you looked the car was 50 feet away? A. Yes, sir; the car was moving. I can't say whether it was going very fast or not. Q. And that was the only time you saw the car, wasn't it? A. Yes."

It therefore appears that plaintiff drove 20 feet while the car was coming 50 feet, and that plaintiff looked at the car only once, and that was when he was 20 feet from the track and the car 50 feet to the north. The car hit the wagon behind the axle. His partner testified that they drove across the street in a "slanting direction." He also testifies thus:

"Q. Now, when you turned to cross 101st street, that was the first time you saw the car, wasn't it? A. That was the first time we looked at the car. We were looking after the car. Q. And your horse was right on the track at that time? A. It was over the track at that time."

This testimony would seem to indicate that plaintiffs did not look for the car until they were actually crossing the track. This plaintiff, Gilman, also testifies that their place of destination was on the east side of Third avenue, "two stores away from the corner" of 101st street, and that, while crossing "in a slanting way," the wagon was struck by the car behind the axle, and shoved into a pillar of the elevated railroad structure which was at the south side of 101st street. The motor-

man testifies that his car was going at the rate of 4 or 5 miles an hour, and that he required about 20 to 25 feet in which to stop it; that he sounded his gong and tried to stop the car, but plaintiffs continued in a diagonal direction, and the car struck the wagon in the center between the two wheels. One Wolff, a passenger sitting on the front seat of the car, which was an open one, swears that, when the car got within 12 or 15 feet of the wagon, the plaintiff turned his horse across the track; that the motorman sounded his gong and applied his brakes, but before the car stopped the collision had occurred. The conductor gives the same version as the motorman. The defendant's inspector swears that Goldenberg stated to him that he did not see the car and turned on the track. This is denied by Goldenberg.

It may be observed that, inasmuch as the vehicle was proceeding along the same street as the car, and the attempt to cross to the other side was made before reaching the intersection of 101st street and Third avenue, the plaintiffs did not acquire an equal right of way. Schmedding v. N. Y. & Q. C. Ry. Co., 85 App. Div. 24, 82 N. Y. Supp. 1034. It does not seem to us that the plaintiffs have sufficiently sustained the burden imposed upon them of proving by a fair preponderance of evidence their freedom from contributory negligence. The testimony of the two plaintiffs is somewhat conflicting; but, at best, it shows that they undertook to go 20 feet while the car was going 50 feet, and that they looked only once for the car. The driver says he looked when the car was 50 feet up the track and the wagon 20 feet from the track, while the other plaintiff swears that the first time "we"—i. e., the two plaintiffs—looked was when they turned to cross 101st street and when the horse "was over the track."

Defendant's counsel claims that the proofs as to damage are defective, but we will not discuss that branch of the case, as we deem a new trial necessary for the reason above stated.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.