Submit findings in accordance herewith; and counsel for the defendant Hacker is given ten days within which to submit requests to find.

Judgment accordingly.

---

FREDERICK M. WILLSON, Respondent, v. GEORGE T. FISHER, Appellant.

(County Court, Oneida County, January, 1912.)

Usury — Elements and indicia — Devices and subterfuges to cover usury.

A transaction must be judged by its real character rather than by the form and color which the parties have seen fit to give it.

Defendant, as security for a loan of $15, gave plaintiff an assignment of his future wages to the extent of $18.75. The next week defendant paid $8.75 to plaintiff and assigned his weekly wages, amounting to $12.50, for the recited consideration of $10

For three successive weeks thereafter defendant paid to plaintiff $2.50 and gave a new assignment of his weekly wages. In an action in justice's court on the last assignment, plaintiff testified that he had received from defendant $16.25 in excess of the original loan of $15, and defendant testified that he had paid $20.25. It was admitted on the trial that, at the time of making a subsequent assignment of wages for $15 for a recited consideration of $10, the plaintiff did not go through the form of taking back his money and making another advance. Held:

That a judgment in plaintiff's favor for $12.50 entered on a verdict should be reversed.

That requiring defendant to bring in and turn over to plaintiff his weekly wages was a mere subterfuge to enable plaintiff to extort from defendant $3.75 for a loan of $15 for one week and $2.50 on at least three occasions of what amounted to a loan of $10 for one week and that the whole transaction was usurious.

APPEAL on questions of law from a judgment, rendered by a justice of the peace of the city of Utica, in favor of the plaintiff and against the defendant.

E. L. O'Donnell, for appellant.

L. N. Southworth, for respondent.

HAZARD, J. On the 14th day of November, 1910, the defendant came to the plaintiff's place of business in the city of Rome and obtained from him fifteen dollars. Thereupon he signed a paper which is known in this action as defendant's exhibit 1, the purport of which was to assign wages alleged to be due, in reality to be earned, from defendant's employer, to the amount of eighteen dollars and seventy-five cents. At the end of that week and on the 19th of November, 1910, defendant again called upon plaintiff and paid him at least eight dollars and seventy-five cents, and gave him defendant's exhibit 2, dated November nineteenth, reciting a consideration of ten dollars, and assigning defendant's wages to the amount of twelve dollars and fifty cents. The following week, on November twenty-sixth, the defendant again called upon plaintiff, gave him at least two dollars and fifty cents and signed another paper known as defendant's exhibit 3, pur-

porting in consideration of ten dollars to assign twelve dollars and fifty cents of defendant's wages. The week following another payment of at least two dollars and fifty cents was made by defendant, and defendant's exhibit 4, dated December third, was given. It is in the same form as the prior exhibits, and in consideration of ten dollars assigns twelve· dollars and fifty cents of defendant's wages to plaintiff. The week following and on December 10, 1910, defendant again called upon plaintiff, paid him at least two dollars and fifty cents and signed what is known as plaintiff's exhibit A, being a paper in the same form as the preceding exhibits, reciting a consideration of ten dollars and assigning twelve dollars and fifty cents of defendant's wages to plaintiff. Upon plaintiff's exhibit A, suit has been brought and judgment rendered for the plaintiff. However, it transpires that, on January 18, 1911, a paper, a copy of which is known as exhibit 5, was given by defendant to plaintiff, reciting a consideration of ten dollars and assigning to the plaintiff fifteen dollars of defendant's wages. Since the tenth of December, when exhibit A was given, defendant testifies that he has paid four dollars; and, according to his version, he has paid plaintiff a total of twenty dollars and twenty-five cents, notwithstanding which the plaintiff has a judgment for twelve dollars and fifty cents and still has the original of defendant's exhibit 5, being an assignment of fifteen dollars out of defendant's wages. According to the plaintiff's version, he has received from the defendant in excess of what he has advanced to him sixteen dollars and twenty-five cents.

Accepting either the plaintiff's or defendant's version, it does not seem right as a matter of simple justice that plaintiff should have, out of this original advancement of fifteen dollars, received back sixteen dollars and twenty-five cents (defendant claims four dollars more); and still hold an assignment of fifteen dollars against the defendant's wages and, on top of all that, have a judgment for twelve dollars and fifty cents and costs; yet that is exactly the situation as it exists here.

It is the theory and claim of the plaintiff that each and all of the transactions above set forth are separate and dis-

tinct and wholly independent of each other; and it is claimed by him that, on each and every occasion except the default occurring on exhibit A, the defendant brought to him the full amount of each several assignment, thereby paying up and closing each particular transaction, and then forthwith proceeded to make a new deal to exactly the same effect as the prior one; and it is apparent that the justice must have accepted plaintiff's view of the transaction. I assume that this court is bound by the findings of the justice upon disputed questions of fact; and that plaintiff's version of the transaction must be considered the true one, whether this court believes it or not. Murtaugh v. Dempsey, 85 App. Div. 24; McRavy v. Barto, 114 id. 262; McDonald v. Dunbar, 114 id. 306; International Tailoring Co. v. Bennett, 113 id. 476.

However, even if we were bound to assume that, for purposes which are apparent, this plaintiff went through the form of requiring defendant to bring in and turn over to him the amount of his earnings each week, it seems to me that it was a matter of form only, and a mere subterfuge to enable this plaintiff to extort from the defendant three dollars and seventy-five cents for what amounted to a loan of fifteen dollars for one week, and two dollars and fifty cents on at least three occasions for what amounted to a loan of ten dollars for one week. It is unquestionably true that plaintiff never invested but fifteen dollars in this deal, and he himself admits that he has received back sixteen dollars and seventy-five cents. His attorney urges, with great plausibility, that his client has discovered a way to defeat the usury laws; and, if his contentions are to be sustained, his client has indeed discovered a way to defeat not only the usury laws, but justice as well. It is his contention that in fact the court cannot look beyond any one of these instruments, or any one of these transactions; and, because a certain form has been gone through with, and a certain pretense carried out, that the court has not either the sense or the power to look at the transaction as a whole and determine whether they are really part and parcel of the same deal. I do not believe that the law, or the administration of the law, is so futile and im-

potent. As was said in Quackenbos v. Sayer, 62 N. Y. 346: " The transaction must be judged by its real character rather than by the form and color which the parties have seen fit to give it. The shifts and devices of usurers to evade the statutes against usury have taken every shape and form that the wit of man could devise, but none has been allowed to prevail."

If we are to decide that this judgment is to stand, it then becomes possible, by the simple subterfuge of taking a new assignment of wages each week, for a man to loan another fifteen dollars, collect at least sixteen dollars and twenty-five cents, and then get a judgment for within two dollars and fifty cents of his original advancement, to say nothing of holding an assignment of wages for the same amount as his original advancement. The whole transaction irresistibly appears to me to be one and the same deal. Exhibits 1 to 5 and exhibit A all fit in in dates and amounts with the defendant's version of the transaction, substantiating it in every detail. Each of the exhibits is in the same form as the others, and each eloquently testifies to the truth of the defendant's contention. It is impossible to see how the justice can reconcile a recovery on the part of the plaintiff, with the admitted existence of defendant's exhibit 5. Plaintiff admits that he has such a paper, and its date is January eighteenth, upward of a month after exhibit 1 upon which he brought his suit was given. It is for two dollars and fifty cents more than exhibit 1, and it appears by evidence that it is not disputed, and cannot be, that plaintiff was making claims under it on the employer of defendant and trying to collect it. It appears by the evidence of the witnesses Rosenburg and Barnard that plaintiff, in his efforts to collect this post-dated obligation, stated to them unequivocally that Fisher only owed him fifteen dollars, and that is just the amount of exhibit 5. None of the other exhibits was for that amount. Plaintiff admits that he has such a paper, but says that he never surrendered exhibit A, and would have us believe that the five dollars difference between exhibit 5 and the amount claimed to be advanced on exhibit A was " a voluntary payment " on defendant's part. Inci-

dentally, it may be mentioned that exhibit 5 is the first and only one of all these assignments that had ever been filed with the employer; and plaintiff admits that he didn't even go through the form of taking back his money and making another advance when exhibit 5 was given. I do not see how any one can look at this transaction as a whole and escape from the conclusion that it is not only usurious, but that plaintiff has been fully paid, and more. Plaintiff admits that he " asked for security on his furniture," and defendant replied that he didn't have any. I do not see how the case is to be differentiated from Welmarth v. Heine, 137, App. Div. 526. Plaintiff's attorney labors diligently to show points of difference, claiming among other things that in the case at bar the wages were actually earned. That is obviously not so, the defendant in the case assigning what he expected to earn for the coming week. It was also in this case, as above noted, canvassed between the parties that there was no " security " except an assignment of wages, as appears from plaintiff's own testimony.

I, therefore, reach the conclusion that the judgment of the justice should be reversed, with costs.

Judgment reversed, with costs.