## WILLIAMS v. BILLINGTON et al.

(Supreme Court, Appellate Division, First Department. May 3, 1912.)

CORPORATIONS (§ 473*)—SALE OF BONDS—RESCISSION—REMEDY AT LAW.

Where plaintiff, desiring to convert into cash stock owned by him, was fraudulently induced by B. to agree to transfer it, B. to organize the M. Company as a domestic corporation to take over the stock in exchange for its bonds, which were to be a first lien on all its assets, and to be issued to plaintiff, and B. filed a certificate of incorporation of said company, and its bonds were issued in exchange for plaintiff's stock, but were illegal and worthless because no capital stock had been paid in, so that there was a complete failure of consideration, plaintiff, having accepted them believing the corporation had been duly organized and the bonds lawfully issued, was entitled on discovering the fraud to the remedy of rescission and restoration and an accounting in equity; and this though he may have an adequate remedy at law.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1842–1853, 1855; Dec. Dig. § 473.*]

Dowling, J., dissenting.

Appeal from Trial Term, New York County.

Action by Justus N. Williams against Reno R. Billington and others. From a judgment dismissing the complaint, and dissolving a temporary injunction and vacating an order appointing a receiver, and requiring the receiver to turn over the property, and providing for his discharge and the cancellation of his bond, plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

N. J. O'Connell, of New York City, for appellant.
W. M. K. Olcott, of New York City (Harry K. Jacobs, of New York City, on the brief), for respondents.

LAUGHLIN, J. The cause was regularly brought to trial at Special Term, and, after counsel for plaintiff opened, on motion of counsel for defendants, the complaint was dismissed on the theory, as shown by the remarks of the learned trial justice, that plaintiff had an adequate remedy at law.

It is quite clear that the pleader has attempted to set forth a cause of action for equitable relief only, and no claim appears to have been made upon the trial that, on the facts pleaded, the plaintiff would be entitled in any event to recover at law, for no request to transfer the cause to the jury calendar was made. The appeal, therefore, presents only the single question as to whether proof of the facts pleaded would entitle plaintiff to any equitable relief.

The plaintiff alleges that he owned 250 shares of the total issue of 330 shares of the capital stock of the New York Central Storage Company, a domestic corporation, which he desired to convert into cash; that defendant Billington was an attorney and counselor at law and the attorney for said corporation, and owned 30 shares of its capital stock; that Billington fraudulently induced him to enter into a formal

agreement in writing to transfer his 250 shares of said stock to the defendant Stade, who was acting for Billington; that this agreement was made on the understanding that Billington was to organize the Mt. Morris Storage Company as a domestic corporation, with a view to having it take over said stock in exchange for its bonds, which were to be a first lien on all of its assets and were to be issued to plaintiff, and which Billington represented to plaintiff could be readily converted into cash; that Billington thereafter filed in the office of the clerk of the county of New York a certificate of incorporation of said Mt. Morris Storage Company, and thereupon bonds of said company were issued and delivered to plaintiff in exchange for his stock; that the Mt. Morris Storage Company knew of the existence of the agreement between the plaintiff and Stade and all of its provisions, and all the facts and circumstances concerning the transactions in question; that the incorporators of said Mt. Morris Company were and are fictitious, and that no subscriptions to its stock have been paid as required by law, and that it has no assets other than the said stock transferred to it by the plaintiff, and that its directors merely represent the defendant Billington without any other interest in the company; that the bonds which plaintiff received are both illegal and worthless, and were issued in violation of law, for the reason that $500 had not been paid into the treasury of the company, and they were not issued for money, property, or work done, but solely for the plaintiff's said stock; that through said transfer of stock to said fictitious corporation defendant Billington has taken possession and control of the New York Central Storage Company's office, plant, and business, and has appropriated the same to his individual use, in accordance with a plan fraudulently conceived by him in advance by which he induced the plaintiff to execute and perform said agreement, in form with Stade, by fraudulent representations with respect to the organization of the new company and the bonds to be issued by it, upon which fraudulent representations the plaintiff relied, and that both the Mt. Morris Storage Company and the defendant Stade knew of the deception thus practiced on the plaintiff.

The complaint further shows that the plaintiff is ready and willing to return the bonds, and that defendant Smith is made a party merely on account of his ownership of the other 50 shares of the outstanding stock of the New York Central Storage Company. The relief demanded is in effect that the agreement under which the plaintiff transferred his stock be canceled and the transfer be declared void, and the stock returned to plaintiff, and that defendants account for said stock and all the property of the New York Central Storage Company, which came into their, or either of their, hands in the premises, and that the equities of all the parties to the action be adjusted.

I am of opinion that these facts sufficiently show that plaintiff was induced to make the agreement and to part with his stock by fraud, and that there was a complete failure of consideration. It is fairly to be inferred from the facts alleged that the plaintiff made the agreement, believing that the corporation would not be organized and commence business in violation of law before its capital had been paid in (section 3, Bus. Corp. Law; being chapter 4, Con. Laws 1909), and

that he accepted the bonds believing that the corporation had been duly organized, and that the bonds had been lawfully issued, and were a first lien on the assets of a valid corporation. If so, manifestly, on discovering that he had been fraudulently imposed upon, one remedy open to him was rescission and restoration, and an accounting which requires the aid of a court of equity, and he cannot be deprived of that remedy on the theory that he may have an adequate remedy at law. It may well be that it would not be competent for a domestic corporation to obligate itself to the extent contemplated by the agreement under which the stock and bonds were to be exchanged, but that does not affect the plaintiff's right to rescind the contract on the facts alleged. The plaintiff brings this action in his own right, and not in the right of the New York Central Storage Company, and in so far as he prays for an accounting, which could only be had by that company, he will, of course, be afforded no relief in this action.

It follows, therefore, that the judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

INGRAHAM, P. J., and SCOTT and MILLER, JJ., concur. DOWLING, J., dissents.