lant. Julian Arthur Leve, of New York City, for respondents.

JENKS, P. J. Two opinions were written on the former appeal, by Thomas. J., and by Burr, J., respectively. 147 App. Div. 544, 554, 132 N. Y. Supp. 644, 650. Thomas, J., confined discussion to the question of delivery. All concurred, save Hirschberg, J. Burr, J., thought that, aside from the question of delivery, there were two other questions in the case: First, whether there was any evidence of acceptance on the part of the defendants; and, second, whether the verdict was against the weight of evidence. After extended discussion, Burr, J., said that "upon this evidence the court should not have submitted to the jury the question of an acceptance implied from circumstances," and held that exceptions to the charge were well taken. As appears from the opinion of Burr, J., the court did not pass upon the weight of the evidence as to whether, under the contract, the turkeys were to be scalded or dry-picked. All concurred with Burr, J., save Hirschberg, J. Thus the case upon the first appeal presented the issue of fact whether the turkeys were to be scalded or dry-picked. The case now presented, not only contains the original evidence, but also additional evidence offered by the plaintiff to the effect that the turkeys called for by the contract were to be scalded. Without passing upon the probative force of the evidence of either party as to the kind of turkeys, we hold that this issue should have been submitted in the first instance to the triers of fact. Therefore the exception to the dismissal of the plaintiff was well taken, and there must be a new trial granted, costs to abide the event. All concur.

---

WHITE v. WESTERN UNION TELEGRAPH CO. (Supreme Court, Appellate Division, First Department. January 17, 1913.) Action by William N. White against the Western Union Telegraph Company. No opinion. Motion denied, with $10 costs. Order filed. See, also, 138 N. Y. Supp. 598.

---

In re WILLCOX. (Supreme Court, Appellate Division, First Department. January 17, 1913.) In the matter of William R. Willcox. No opinion. Motion denied, with $10 costs. Order filed. See, also, 138 N. Y. Supp. 1149.

---

WILLIAMS v. BILLINGTON et al. (Supreme Court, Appellate Division, First Department. January 31, 1913.) Action by Justus N. Williams against Reno R. Billington and others. No opinion. Motion denied, without costs, with leave to renew after determination of appeal to Court of Appeals. Settle order on notice. Memorandum per curiam. See, also, 135 N. Y. Supp. 32.

---

WILLIAMS, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 8, 1913.) Action by Henry Williams against the New York Central & Hudson River Railroad Company.

PER CURIAM. Order reversed, and new trial granted, with costs to appellant to abide event. Held, that the verdict of the jury upon the question of plaintiff's freedom from contributory negligence is contrary to and against the weight of evidence.

KRUSE, J., dissents.

---

WILLSON, Appellant, v. FISHER, Respondent. (Supreme Court, Appellate Division, Fourth Department. January 8, 1913.) Action by Frederick M. Willson against George T. Fisher. No opinion. Judgment (75 Misc. Rep. 382, 135 N. Y. Supp. 532) affirmed, with costs.

---

WISE, Respondent, v. LAW REPORTING CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 8, 1913.) Action by James B. Wise against the Law Reporting Company.

PER CURIAM. Motion for reargument of appeal (138 N. Y. Supp. 1150) from order denying motion for change of venue denied, without costs. Motion for modification of order affirming said order denied, upon the ground that the application for leave to renew the motion for change of venue should be made at the Special Term. Motion for reargument of appeal from judgment denied, without costs.

---

WISE, Respondent, v. NORTHERN SPECIALTY CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 8, 1913.) Action by James B. Wise against the Northern Specialty Company. No opinion. Judgment affirmed, with costs.

---

WITKOV v. HARMON. (Supreme Court, Appellate Division, First Department. January 17, 1913.) Action by Frederick A. Witkov against Clifford B. Harmon. No opinion. Application denied, with $10 costs. Order signed.

---

In re WOOD. (Supreme Court, Appellate Division, Second Department. January 17, 1913.) In the matter of the judicial settlement of the account of George Wood, as committee of the estate of Levi Melhado, an incompetent person.

PER CURIAM. Decree and order, in so far as appealed from, modified by reducing the amount of the additional allowance to the committee from $1,000 to $250, and, as thus modified, affirmed, without costs.

HIRSCHBERG, J., votes to affirm.

---

W. P. CALLAHAN CO., Respondent, v. HILLS et al., Appellants. (Supreme Court, Appellate Division, First Department. Janu-

ary 31, 1913.) Action by the W. P. Callahan Company against William Hills and others. M. Conboy, of New York City, for appellants. E. J. Nathan, of New York City, for respondent.

PER CURIAM. Judgment and order affirmed with costs. Order filed.

LAUGHLIN, J., dissents, and voting for reversal and dismissal of complaint as to defendant William Hills.

ZABLATZKY, Appellant, v. UNITED STATES CASUALTY CO., Respondent. (Supreme Court, Appellate Division, First Department. January 3, 1913.) Action by Mary Zablatzky against the United States Casualty Company. G. V. Grainger, of New York City, for appellant. C. S. Petrasch, of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

END OF CASES IN VOL. 139

*